IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JENNIFER WILLIAMS,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br><br>**Jury Trial Demand** |

**COMPLAINT AND JURY TRIAL DEMAND**

**COMES NOW** Jennifer Williams ("Plaintiff" or "Williams") by and through her undersigned attorney and hereby files this Complaint and Jury Trial Demand against the United States Postal Service ("USPS" or "Defendant") as follows:

1

## NATURE OF COMPLAINT

1.     Plaintiff brings this action against the USPS pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* ("FLSA") for its violation of the FLSA by failing to pay Plaintiff her wages when they were owed to her, then committing acts of retaliation against Plaintiff concerning her terms and conditions of employment because she engaged in activity protected by the FLSA. Defendant's retaliatory actions culminated in the termination of Plaintiff's employment with the USPS in violation of the FLSA.

## PARTIES

2.     Plaintiff is an individual, and at all times material to this action she was, and she continues to be, a resident of the state of Georgia.

3.     Defendant is an entity that was created by the United States Congress. Defendant's primary purpose is to deliver mail and parcels throughout the United States.

## SUBJECT MATTER JURISDICTION

4. This Court has subject matter jurisdiction concerning Plaintiff's civil action pursuant to 28 U.S.C. §1331 since Plaintiff's claims in this civil action arise under and concern a federal law of the United States.

## PERSONAL JURISDICTION

5. Defendant may be served with process, concerning this civil action, in accordance with Fed. R. Civ P. Rule 4.

6. Defendant maintains a postal facility in Douglasville, Georgia, and other cities and counties located in the Atlanta Division of the United States District Court in the Northern District of Georgia.

## VENUE

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and LR NDGa. 3.1(B)(3) because the employment practices and other conduct engaged in by Defendant concerning Plaintiff occurred in the Atlanta Division of the United States District Court in Northern District of Georgia.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates by reference paragraphs 1 through 7 hereinabove as though set forth fully and separately herein.

### Plaintiff's and Defendant's Coverage under the FLSA

9. At all times material to this action, Plaintiff and Defendant were "engaged in commerce" within the meaning of the FLSA.

10. Plaintiff was an "employee" within the meaning of the FLSA during all periods of time that she worked for Defendant.

11. At all times material to this action, Defendant was, and Defendant continues to be, an "employer" within the meaning of the FLSA.

12. At all times material to this action, Defendant was, and Defendant continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

13. Based upon information and belief, Defendant's annual gross revenue was more than $500,000.00 during all relevant time periods.

14. At all times material to this action, Defendant had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, which were used directly in furtherance of Defendant's commercial activity of delivering mail and packages throughout the United States.

15. On or about February 7, 2020, as a rural carrier, Williams began working for USPS at its postal facility located at 6000 Stewart Parkway, Douglasville, Georgia.

16. During all relevant periods of time that Williams worked for the USPS as a rural carrier, she was an hourly FLSA nonexempt employee.

Williams Pursues Her Rights under the FLSA to Receive Her Unpaid Wages

17. On February 7, 2020, and February 8, 2020, Williams worked for Defendant, and she expected to receive her first paycheck on February 21, 2020.

18. On or about February 23, 2020, Williams went to pick up her paycheck and it was not there, so she brought this issue to the attention of her supervisor at that location, Celina Ford ("Ford").

19. After Williams told Ford that she never received her first paycheck for the two days she worked, Ford responded that she did not put in any of those hours for Williams because of a time system issue, so Williams must wait until the following pay period to receive her first paycheck.

20. Williams explained to Ford that she needed to have her pay as promised and expected on February 21 in order to pay her bills and to purchase gas to get to work.

21. Ford responded as if she did not care and made no offer or effort to get a check issued to Williams before the next pay period.

22. Williams reiterated that she could not wait until the next pay period to be paid.

23. Williams continued to engage in activity protected by the FLSA to receive her hourly wages by contacting union steward Nicky Phillips to let him know what had transpired with Ford.

24. Phillips instructed Ford to type out and e-mail him a grievance for him to review and informed her that he would meet with her the following week to discuss it.

25. On or about February 27, 2020, Williams met with Phillips and they both spoke with Ford.

26. During the February 27, 2020, meeting, Ford stubbornly refused to help Williams get any sort of advance to be paid before the following pay period to make up for Defendant's not paying Williams on time.

27. Ford told Williams that if she didn't have the gas money to get to work, then she just should not come to work. This of course would mean that she would not receive any pay.

28. Phillips responded to Ford that it was not fair or right for her to be speaking to Williams that way since it was not her fault that she was not being paid on time.

29. Phillips escalated the dispute to Ford's managers, who ultimately ordered Ford to process a paycheck to Williams for the two days.

30. Williams waited 4 to 5 hours that day for Ford to complete the process.

31. Upon information and belief, Ford was fined by the USPS for not paying Williams on time.

## Ford Retaliates against Williams for Pursuing Her Rights under the FLSA to Receive Her Wages

32. On or about February 26, 2020, Williams worked at a USPS Union City, Georgia, facility to earn some additional money.

33. Upon information and belief, Williams' understanding was that this was permissible.

34. On or about February 26, 2020, Williams worked approximately 5 hours at the USPS Union City, Georgia, facility.

35. On the evening of February 27, 2020, Ford called Williams and threatened to terminate her for working at the USPS Union City, Georgia, facility.

36. Ford told Williams that if Williams takes hours from somewhere else, she must get Ford's permission first, and that Williams should consider her reprimand to be a termination warning.

37. Next, on or about a date in March 2020, Williams received a paycheck and realized that it was short for her hours worked on February 23, 2020, and February 26, 2020.

38. Williams called the USPS Union City post office and spoke with Supervisor Ms. Wilson ("Wilson") about the shortage. Wilson reported that Ford had deleted Williams' hours that were sent over.

39. Ford intentionally shorted Williams' hours because she had engaged in protected activity and to make it appear that Williams was absent when she was not.

40. Williams received her pay for these two days, but only after she filed an NLRB charge to complain about what had occurred.

41. On March 1, 2020, while Williams was working her route, the mail truck she drove to deliver mail broke down.

42. Williams called the USPS Douglasville, Georgia, facility to notify management that the mail truck was disabled. She was informed by management that the truck would be towed back to the facility. The truck was towed and Williams received a ride back to the facility.

43. When Williams returned to the USPS Douglasville facility, she was instructed by management to go back out on the route to complete the delivery of the mail; it was approximately 5:00 p.m. at the time she resumed her route.

44. On March 1, 2020, Williams was sent back out on her route to deliver a large amount of mail, late in the day, with no assistance.

9

45. Management placed Williams in an impossible situation because, due to the limited amount of time and the amount of mail, there was no way for her to complete her route that day.

46. Although Williams did the best she could under the circumstances, once it became dark she could no longer see to work safely, so she ended her route at around 8:00 p.m. that day and returned to the facility with some mail.

47. On March 5, 2020, Ford issued a termination letter to Williams, citing her failure to deliver parcels on Sunday, March 1, 2020, while willfully ignoring known circumstances beyond Williams' control that prevented her from completing her route (i.e., the mail truck breaking down, the volume of mail to be delivered, and the limited time to do so before dark).

48. Ford terminated Williams' employment as an act of retaliation against her for engaging in activity protected under the FLSA.

## COUNT I

(Retaliation in Violation of FLSA, 29 U.S.C. §215)

49. Plaintiff incorporates by reference paragraphs 1 through 48 hereinabove as though set forth fully and separately herein.

50. Plaintiff engaged in the activity protected under the FLSA by, in February of 2020, complaining to Defendant about not receiving her paycheck on time.

51. Shortly thereafter, Defendant, through Ford, threatened to fire Williams for working at a different facility although there was no prior notice to her about the procedure for working additional hours at other locations.

52. Defendant, through Ford, intentionally shorted Williams' hours and temporarily deprived her of pay.

53. Thereafter, through Ford, Defendant terminated Williams' employment in part for not completing her route, while ignoring that it would be impossible for Williams to complete her route before dark.

54. Defendant committed the actions specified in paragraphs 51, 52, and 53 in retaliation for Williams' engagement in activity protected under the FLSA.

## COUNT II

(Failure to Pay Plaintiff Wages When They Were Owed, Resulting in a Deprivation of Wages in Violation of FLSA, 29 U.S.C. §215)

55. Plaintiff incorporates by reference paragraphs 1 through 54 hereinabove as though set forth fully and separately herein.

55. Defendant failed to pay Plaintiff her wages on her pay date of February 21, 2020, for wages earned concerning hours that she worked.

56. Defendant's failure to pay Plaintiff her wages when they were owed to her in February 2020 resulted in Plaintiff being deprived of her wages in violation of the FLSA.

57. Defendant failed to pay Plaintiff her wages on a pay date in March of 2020 concerning wages earned for hours she worked in February 2020.

58. Defendant's failure to pay Plaintiff her wages when they were owed to her in March 2020 resulted in Plaintiff being deprived of her wages in violation of the FLSA.

**JURY TRIAL DEMAND**

59. Plaintiff requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, based on the above-stated claims that Defendant has violated Plaintiff's rights afforded to her under the FLSA, 29 U.S.C. §201 *et seq.*, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and order the following relief as allowed by law:

A. Compensatory damages, including but not limited to compensation for emotional distress, mental anguish, and inconvenience caused by Defendant's retaliatory acts;

B. Back pay and loss of benefits caused by Defendant's retaliatory acts;

C. Attorneys' fees and costs of this action, as permitted by law;

D. Front pay or reinstatement;

E. Liquidated damages for Defendant's failure to pay Plaintiff her wages when they were owed to her.

F. Pre-judgment and post-judgment interest at the highest lawful rate; and

G. Such further relief as the Court deems just and proper.

Respectfully submitted this 17th day of September 2020.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: s/ *Jermaine A. Walker*

Jermaine "Jay" A. Walker
HKM Employment Attorneys LLP
3355 Lenox Road, Suite 660
Atlanta, Georgia 30326
(telephone) 404-301-4020
(fax: same #) 404-301-4020
jwalker@hkm.com

**Attorney for Plaintiff**